UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUGUSTUS QUINTRELL LIGHT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:15-cv-00410-JMS-MJD |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

Augustus Quintrell Light moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and set aside his guilty plea in criminal case number 2:13-cr-0011-JMS-CMM-1. For the reasons set forth below, the motion, dkt. [1], is **denied** and a certificate of appealability is **denied**.

## I. Background

In October, 2012, Light was an inmate in the United States Penitentiary Terre Haute, serving a sentence imposed by a federal court in Minnesota, when he was found in possession of a "shank." On March 6, 2013, an Indiana federal grand jury indicted Light for possessing a prohibited object in a federal correctional facility in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(3). An attorney from the Indiana Federal Community Defenders office was appointed to represent Light. Not satisfied with this attorney, Light asked for a different attorney, so a different attorney was substituted for the first on April 10, 2013. After a year with the second attorney, Light asked for yet a new attorney. The second attorney withdrew and a third attorney entered her appearance for Light. A plea agreement was negotiated and filed on August 6, 2014. Hand-written into the plea agreement was language concerning Light's mental health and the recommendations that would be made:

1

> The government understands that the Defense is requesting that Mr. Light be provided with mental health treatment. The government understands that the Defense is requesting that Mr. Light be placed in a facility where he can receive mental health treatment. The parties are free to present evidence on this issue. The government will not oppose Mr. Light's request for mental health treatment.

*United States v. Light*, No. 2:13-cr-0011-JMS-CMM, dkt. 68, p. 7. (S.D. Ind.).[1]

A change of plea hearing was held the same day. Light testified that he could read and write and that he understood the plea agreement. Crim. dkt. 103, pp. 3-4 (transcript of change of plea hearing). Terre Haute prison officials took Light off his mental health medications about a week prior to the hearing, but Light said he knew why he was in Court. *Id.* at p. 4. He testified, "I know what's going to happen today. I just – I'm all right. I know I'm taking the deal for the 27 months." *Id.* Light denied being on any medication, and when asked if the case should proceed, Light answered, "Yeah, I'm all right. I'm hanging in there. I'm good." *Id.* at p. 5.

The Court discussed the indictment and the plea agreement with Light. Light said he was satisfied with his counsel's efforts to negotiate the 27-month plea agreement, and added, "[H]opefully I get some help." *Id.* at p. 7. The Court responded, "I can make recommendations, on the day that you're sentenced, about placement and stuff." *Id.* Light replied, "Yeah, yeah. I – yeah." *Id.*

Light signed the plea agreement and the factual basis again in open Court. Crim. dkts. 68 & 69. The Court found there was a factual basis for the plea, that Light was fully competent to enter a plea, and that the plea was knowingly and voluntarily entered. Crim. dkt. 103, p. 21.

After the change of plea but before sentencing, and at the request of defense counsel, Light underwent a competency evaluation. A preliminary report was issued determining that Light was

---

[1] Hereafter, citation to the criminal docket shall be "Crim. dkt. #"; citation to the civil docket (this action) shall be "Civ. dkt. #".

competent. Competency thereafter was not an issue. The Court had throughout the proceedings stayed alert to Light's mental health issues. *See, e.g.*, crim. dkt. 19 (April 4, 2013, Order directing, *inter alia*, defense counsel to investigate competency issues and take appropriate action); crim. dkt. 24 (Order granting motion for psychiatric examination); crim. dkts. 71 & 75 (Entries addressing Light's medication concerns). At sentencing, the Court noted that Light had "a significant history of mental health issues." Crim. dkt. 106, p. 4. However, based on the information in the preliminary report from the recent competency evaluation and inquiry made in open court, the Court found Light competent to proceed with sentencing. *Id.*

Light and his counsel addressed the Court. Neither had any concern with the factual basis for the plea, the knowing and voluntary nature of the plea, or the agreed-upon sentence. Instead, both spoke about Light's mental health needs and the urgency of removing him from Terre Haute and into a facility that could address Light's myriad mental health issues. The government also addressed the Court, essentially saying that no matter what the Court recommended, in the end it was the Bureau of Prison's sole decision, and under its policies, Light did not qualify for programs such as the mental health step-down program, intensive residential treatment program, or other treatment programs mentioned by Light's counsel. Crim. dkt. 106, pp. 8-14.

The Court imposed the agreed-upon 27-month term of imprisonment and recommended that Light be moved from Terre Haute. The Court also recommended that Light be allowed to participate in one or more of the Bureau of Prison's programs such as the step-down program, the stages program, and the challenge program. *Id.*, p. 15. The Court's Criminal Judgment sets out the recommendations:

> The court makes the following recommendations to the Bureau of Prisons:
>
> That the defendant be removed from USP Terre Haute as expeditiously as possible. He should be evaluated for borderline personality disorder and offered

3

> access to the Step Down Program (at FCI Butner or USP Atlanta), the Challenge Program (at a variety of facilities), and the Stages Program (at USP Florence). The Court also recommends the Bureau of Prisons develop a pharmacological regimen which is appropriate for the defendant and can be implemented in a controlled environment.

Crim. dkt. 97, p. 2.

One year later, Light sought to vacate his plea and sentence, contending that he and/or his attorney were tricked into signing the plea agreement by the government's promises of placement in mental health treatment. This, he contends without further elaboration, was ineffective assistance of counsel. Light also contends the government breached its promises, given in exchange for the plea agreement, to provide mental health treatment. Instead of being sent to a facility where his mental illness could be treated, Light was sent to a 23-hour lockdown facility that does not offer mental health treatment and officials took him off of his medications.

## II. Analysis

Light's first ground for 28 U.S.C. § 2255 relief is that when he did not receive the benefits outlined in his plea agreement, his attorney was accordingly ineffective and the plea and sentence should be set aside. Civ. dkt. 1, ¶ 5. His second ground for relief is that the government breached its agreement by placing him at the USP Lewisburg SMU facility and not providing him with mental health treatment or continuing his mental health medications. *Id.* at ¶¶ 5-6. Although the plea agreement contained an appellate waiver and barred collateral attacks, these waivers are not applicable to ineffective assistance of counsel claims or breach of plea agreement claims. *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 1016); *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). Nevertheless, neither ground for relief can support vacating Light's plea and conviction.

A.     Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court held that criminal defendants are entitled under the Sixth Amendment to the effective assistance of counsel. To establish that their counsel was not effective, a movant has to show that (1) their attorney's performance was objectively unreasonable, falling below professional norms, and (2) they were prejudiced by the deficient performance. 466 U.S. at 687-88. The failure to demonstrate either condition defeats an ineffective assistance of counsel claim.

To succeed on a claim of ineffective assistance of counsel in negotiating a plea agreement, a petitioner must first demonstrate that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Reasonably competent counsel will "attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty." *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003).

If successful on the first step, a petitioner must then show that he was prejudiced by the deficiencies in his counsel's performance. *Strickland*, 466 U.S. at 687. To show prejudice in the plea bargaining context, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial." *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted). In other words, a petitioner must demonstrate a reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

Light argues that he was promised mental health treatment in exchange for his plea. The hand-written terms added to the plea agreement clearly reflect that mental health treatment options would be *requested*, and the government would not oppose a *request*. This was not a promise.

Defense counsel's statements to the Court during the change of plea hearing and the sentencing show conclusively that counsel did exactly what the plea agreement provided – counsel requested mental health treatment for Light, and suggested several programs and facilities for such treatment. Counsel then requested that the Court make those recommendations in its sentencing order. Light's mental health issues were a central focus of the sentencing proceeding.

But also during the sentencing hearing, the government's argument immediately following defense counsel's argument made it clear that the recommendations were only that – recommendations – and that the Bureau of Prisons would decide what facility and program Light would be placed in, regardless of what recommendations were made by the Court.

In sum, the record is clear and unequivocal that Light was never promised mental health treatment or placement as a condition for his waiving trial and entering a plea. There is no evidence or indication that defense counsel was misled or tricked by the government into persuading Light to plead guilty. It was absolutely clear that all concerns about Light's mental health treatment would be recommendations only. It was further clear that the terms of the plea agreement were otherwise advantageous to Light. He would receive 27 months of imprisonment, which was at the low end of the advisory guidelines range and well below the 33 months high end. To the point, there is no evidence that defense counsel's performance was deficient.

Finally, a "mere allegation" by a petitioner that he would have gone to trial is insufficient to establish prejudice. *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005); *United States v. Fudge*, 325 F.3d 910, 924 (7th Cir. 2003). Thus Light's contention that he would have gone to trial rather than plead guilty if he had known the government would not provide him mental health treatment is insufficient to establish prejudice.

Because there was no deficient performance of counsel, there is no need to address the prejudice prong of the *Strickland* inquiry.

B.  Government's Breach of Plea Agreement

Light's second ground for Section 2255 relief was that the government breached the plea agreement. This ground can be disposed of by looking to the terms of the agreement. The government only stated that it understood that Light was requesting mental health treatment and placement in an appropriate facility. It agreed that the parties would be free to put on evidence about these issues. It also agreed to not oppose Light's request for mental health treatment. At the sentencing hearing, that is exactly what the government did. To be sure, it did clarify that placement and program decisions were to be made solely by the Bureau of Prisons and not the Court. The government also clarified that because of Light's misconduct status, he was not eligible for the programs discussed by defense counsel. The clarification did not breach what the government had agreed to do at the sentencing hearing. The government complied with its obligations under the plea agreement.[2] While Light may not have been placed in an optimal Bureau of Prisons facility, or received proper mental health treatment, the government followed through on its obligations under the plea agreement – it did not oppose Light's request made at sentencing, and it understood the mental health concerns he was making.

No breach of the plea agreement occurred.

---

[2] In its response to Light's Section 2255 motion, the government disputes Light's assertion that no mental health treatment is available at USP Lewisburg SMU. Civ. dkt. 9, pp. 13-14 and ex. A. This is not a material factual dispute, however, as the government's plea agreement terms were not breached.

C. Conclusion

Light's defense counsel's performance was not deficient, and the government did not breach the plea agreement. Augustus Quintrell Light's motion to vacate, set aside, or correct his sentence in 2:13-cr-0011-JMS-CMM-1, dkt. [1], is **denied**. Judgment consistent with this Entry shall now issue.

**The clerk shall docket** a copy of this Entry in case number 2:13-cr-0011-JMS-CMM-1.

### III. Certificate of Appealability

Pursuant to *Federal Rule of Appellate Procedure* 22(b), Rule 11(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, and 28 U.S.C. § 2253(c), the Court finds that petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED**.

Date: 8/28/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Augustus Quintrell Light
11181-041
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837

Electronically Registered Counsel

8